Brad Hanson for Christopher Jepsen may it please the court. In 2011, a jury in Crawford County, Iowa found Christopher Jepsen guilty of two counts of sexual abuse. That same year, the state court in Crawford County issued a judgment sentencing Mr. Jepsen to probation. Three years later, in 2014, Mr. Jepsen committed the federal offense of possession of child pornography under Section 2252A of Title 18. Now in 2016, the state court in Crawford County, on the motion of the government, ruled that the initial 2011 Crawford County judgment was void, vacated that judgment, and resentenced Mr. Jepsen to prison for these sexual abuse offenses. In the federal case, the district court below ruled that the Crawford County case represented a prior conviction for purposes of Section 2252B, and thus that Mr. Jepsen must receive an enhanced mandatory minimum sentence. So the question before the court is the proper interpretation of the term prior conviction in Section 2252B, and ultimately whether Mr. Jepsen was convicted in 2011 when the jury found him guilty in Crawford County, or in 2016 when the court issued the valid judgment against him. The parties in the district court seem to agree as to the analytical framework for answering this question. At the threshold, the court must determine what the predicate conviction must be prior to in order to be a prior conviction, and then moving forward from that, the court must determine what exactly a conviction is under Section 2252B. I won't spend much time on the first question because there seems to be agreement among the district court and the parties as to the resolution. Based on this court's case and tally interpreting the Armed Career Criminal Act, and also based on a sensible reading of the statute, it seems that the term prior in prior conviction means that the defendant must have suffered the conviction for the predicate offense before he committed the federal child pornography offense. And again, tally doesn't construe this particular statute, but there is a similar ruling with respect to 2252 large A, sub B, sister child pornography enhancement statute in the 11th Circuit in the King case, and also cited some district court opinions construing prior conviction in the same way. So the 2011 suspended sentence was a prior conviction. Is that what your tally established that? No, tally established that in order for a defendant to have a prior conviction, he must have suffered that conviction before he committed the federal child pornography offense. That doesn't get to the fighting question of what it... The government points to a chart and says you concede that the 2011 suspended sentence was a prior conviction. Is that correct? Sorry, I misunderstood, Your Honor. That's correct. I thought that's where you were starting with tally for that reason, but I misinterpreted. That really goes to the second question of what a conviction is. While the judgment from 2011 was valid, during the time in which it was valid it was a conviction, our argument is that once the district court ruled that it was void and vacated that judgment, it is no longer a conviction for the timing question that is the real fighting issue in this appeal. And Mr. Jepson's argument is, of course, that the district court erred in finding or concluding that a mere finding of guilt constitutes a conviction for purposes of 2252B. Respectfully, the district court seemed to have erred in four different ways. One, its interpretation of the text of 2252B. Two, in its inference that it drew from the lack of legislative history regarding 2252B in this particular question. Three, in its conclusion that this court's opinions in Storer and Stoltz were binding on this particular issue. And then four, with respect to its decision not to apply the rule of lenity in Mr. Jepson's favor. First, with respect to the first issue, the court's textual analysis of 2252B, the district court concluded that under federal law, and we all agree that federal law applies to deciphering this particular provision, under federal law, any time the statute does not define conviction in a specific way, it means a mere finding of guilt. This seems to contravene Supreme Court authority, and specifically the Deal v. United States case. In Deal, the Supreme Court was construing 924C or at least 924C as it existed at the time of that opinion. And although the court ultimately ruled against the defendant in Deal, the majority opinion said that it is certainly correct that the term conviction can mean either a finding of guilt or the passing of judgment on that finding of guilt. But a court is to look to context to see if the term becomes, the meaning of the term becomes obvious when looking at context. In Deal it was. You couldn't have imposed a sentence in that. But we've gone, I mean, we've already applied Deal, unless you can convince us that this statute is somehow different. It is different, Your Honor. I mean, otherwise we're bound by a circuit interpretation of Deal. It is a different statute, Your Honor. As the majority opinion in Deal said with respect to 924C, you can tell from context how Congress intended conviction to be interpreted with respect to 924C. 924C says, in the case of a second or subsequent conviction, and it gives the district court instructions as to how to impose sentence. Now, if you were to interpret conviction as a mere finding of guilt in that phrase, you wouldn't be able to impose sentence because it's clearly referring to what happens after a finding of guilt. Moreover, there's additional language in 924C that's cited in the Deal opinion that distinguishes 924C from 2252B. There's no context in 2252B unlike with respect to 924C. We only have prior conviction, and the court's left to interpret what exactly that means. The district court was wrong to say that any time it's not defined by statute, it means a mere finding of guilt. What case is favorable to your interpretation of this undefined term? The most favorable case is the only one that I was able to find that seems factually analogous, and that's the Pratt decision from the Eastern District of Michigan. Granted, of course, that's not binding in any way on any court, but it is the most persuasive authority for this particular issue. There, the court went through a very thorough textual analysis, looked at the plain text like the district court, did not find conviction to have a plain meaning that you could apply in every single case, went through the purpose of the statute, went through the legislative history, found none, and ultimately was left with applying the rule of lenity. The district court in this case was concerned with the irony of applying the rule of lenity in Mr. Jepson's favor, but that same irony, if it exists, existed in the Pratt case, because that defendant had pled guilty to an offense, a qualifying offense. He committed a federal child pornography offense, but he had not yet been sentenced on what the government believed to be the predicate offense. So that wasn't a sympathetic case either, but if you're looking for a framework that follows Mr. Jepson's argument, it's the Pratt decision, and it's the only, as I said, factually analogous case that I could find. The district court, in my view, the most obvious error that the district court made was with respect to the inference it drew from the lack of legislative history on this particular question. The parties are in agreement. There is no legislative history that the court can look to, but what the district court did, and I believe this appears at pages 29 and 30 of the addendum, was to say the Supreme Court decided deal, said that the term... I think, frankly, with all this statutory construction in the abstract put aside, that what's wrong with your argument is that the corrected judgment confirmed, that it affirmed or reaffirmed the 2011 finding of guilt. I believe you're referring to both the amended judgment and then government's exhibit one to the motion to strike the order that the court filed after. The state court's, what was it, 2016 ruling, it said the sentence was invalid. It didn't say the conviction or the finding of guilt were invalid. It did say that the judgment from 2011 was void and would therefore be vacated. That's what the amended judgment said. But what did the court say in its... The government is wrong that the state court made an effort to say that just because we've voided the judgment doesn't mean we've voided the conviction or the finding of guilt? I do not interpret exhibit D, the defendant's exhibit, the amended judgment, or government's exhibit one, the order that followed the amended judgment, to say that at all, Your Honor. How did the district court construe it?  What's our standard of review for that? This is de novo review. This is statutory interpretation. The court is making a factual finding with respect to what a state court did. Why is that de novo review? The district court is making a legal determination as the significance of something the state court did. And respectfully, I don't see any significance to exhibit one, the order that followed the amended judgment. If the state court hadn't said anything, that's the way I would have construed its action. Would have construed the amended judgment, you're saying? Yes. Well, the action it took to reinstate, to say that the sentencing court initially got it wrong and he should have been put on, he should have gotten a suspended sentence immediately, so he's going to serve it now. This somehow invalidates in the federal court? That means that the whole thing never happened? It still goes down to the question of whether you find the conviction occurs at the time of the finding of guilt, or whether it occurs at the time of the passing of the final judgment in the case. Because all the amended judgment did in terms of going back to 2011... So now we're going to unravel all the suspended sentence cases. There's no other way to apply your test than to say that the suspended sentence decisions, in other words, the decisions arising out of Florida law and so forth, they were all wrong. With respect to Title 21 United States Code Section 841? I don't care what section, unless you can find a textual distinction. You think there's a difference as to whether those are convictions, suspended sentence cases? Ultimately, whether... This is a conviction? Whether... Or would it follow that if there must be sentence imposed, then a suspended sentence case is not a conviction? There must be a consequence, as Mr. Jepson's argument is, is what it is, is what it has to be in this case. So whether a sentence is suspended, the defendant's placed on probation. If, in the case of Mr. Stoltz, he pled no contest, a sentence was imposed. In the case of Mr. Storr, again, these are cases the district court thought were binding, the defendant was placed on a deferred adjudication, there was still a consequence. He was placed on probation as well and actually had to serve 60 days in jail. So the argument, Mr. Jepson's argument is that a conviction is a two-step process. It requires a finding of guilt, yes, Storr and Stoltz, but it also requires the imposition of the valid punishment for that offense. So in that respect, I don't think that I'm arguing for the court to part from its case law and suspended sentences or part from Storr or from Stoltz, which did not address this particular timing issue that we're dealing with. You would say Storr and Stoltz can be reconciled with your position by saying that the conviction in those cases occurred when the judge imposed the consequence, is how you're putting it? Right, because Storr and Stoltz did not address the specific timing issue. In my view, they addressed the first step of Mr. Jepson's argument for what a conviction should be, whether it's by virtue of a no contest plea or by virtue of an agreement pursuant to which you get a deferred adjudication. If there's some consequence in the end, and that's the point at which the conviction happens, then you can reconcile Storr and Stoltz with Mr. Jepson's position. Maybe the result. I don't know about the reasoning. Well, Stoltz was really just a straightforward application of Storr. Storr, I truly don't think, got into the timing issue here. It was a different question presented. The defendant was arguing that because his . . . I know it wasn't about timing, but it said, I think, that the finding of guilt was the key point, not the consequences you're describing. And Mr. Jepson's argument would be finding guilt is necessary for a conviction but not sufficient. With the Court's permission, I reserve the remainder of my time for rebuttal. Thank you. Ms. Williams? Your Honors, good morning. Lisa Williams, appearing on behalf of the Northern District of Iowa. I do agree with Mr. Hanson that there is a lot that the parties in the district court agreed on, the standard of review, that federal law controls the determination of what constitutes a conviction, as well as the issue first briefed in the defendant's brief about the initial timing issue. But where we diverge is what components are necessary to create a conviction so that it is final for the purposes of the sentencing enhancement statutes. And the government's position is that the adjudication is not a necessary component. It is the finding of guilt, either by a jury, a judge, or a plea of guilty that finalizes the conviction in any case under 2252. And I think that it's really important. I don't think that there's any way to reconcile the defendant's position with a long line of established case law out of this circuit. If you look at Storrs and Stoltz, adjudication is withheld in those cases. If you look at the case of an Iowa deferred judgment, adjudication is withheld in that case. And throughout the 841 context, as well as the 2252 context, a situation where an adjudication has been withheld still meets the definition of a prior conviction for the purposes of these enhancement statutes. And so you would have to throw out that long established precedential history to reach the result that the defense asks you to reach today. The defendant wants to cast this as a timing issue. This is not a timing issue. This is, again, what is the core component of what is required by the term conviction. And I think Diehl is really important, and not in the way that the defense interprets, but Diehl talks about that there are multiple ways to, what do we mean by conviction? There's multiple definitions, and that the text around it matters, and then suggests that judgment of conviction is a very different phrase than just conviction. And that's kind of glossed over by the defense, because judgment of conviction requires more than just adjudication of guilt. That would also be the sentence imposed also. And that language, judgment of conviction, is absent from the statutory text of 2252 and 2252A2. The point that the district court made in the statutory interpretation analysis, which I do not think this court needs to get to, I believe that Storer and Stoltz are on point, controlling authority, and that's how this case should be decided. But if you reach the statutory interpretation issue, that's the point the district court was making, is when Congress enacted this law, it had Supreme Court case law that indicated that the phrase conviction is different than judgment of conviction, and Congress chose to insert the phrase just conviction into these enhancement statutes. And from that, we can infer that their intent was that the key timing component, or the key necessity to finalize a conviction, was the guilt phase. I think it's also important to talk about what happened factually in the state court proceeding. This was a motion to correct an illegal sentence. It had nothing to do with the adjudication of guilt. The state court talked about that at the transcript on page 14. And then the state court also noted that it does conclude that the original sentence imposed was illegal. But the state court never attacked and never undermined the finality of the jury's verdict of the actual conviction that happened in August of 2011. And so it's interesting that by adopting the defendant's argument, what we would have is a case like this where there's really a continuity. There's a conviction at all times. There's a sentence. And then the state court decides, okay, there's some issues with that sentence, and we need to amend it. But there's never a gap in which he's not punished. It amends the sentence, and he still continued to be found guilty, albeit with a different sentence. And that is a straight-line, continuous adjudication of guilt and imposition of punishment, where, again, you look at the Iowa deferred judgment framework. You have an adjudication of guilt, but then it stops. You don't have an imposition of punishment. You wait. You wait to see how that person does on their probationary period, and you withhold punishment. So you have this gap. And that's a conviction under prior precedent. That type of deferred judgment is a conviction. It's, in the government's position, much less final than what we have before the court in this case. And to say that that type of lack of finality is sufficient to make a conviction, but this situation, where the court went back and only amended the actual punishment imposed, is somehow dissolves the entire conviction, reaches what I believe the district court referred to as an absurd result. The government's position is that Stoltz and Storer are controlling. Both Storer answers the question. Storer specifically finds that the adjudication is not necessary for the conviction to exist. We have precedent in the circuit. We do not need to get to the statutory interpretation. But if the court does want to engage in the statutory interpretation, based on the very well-reasoned opinion of the district court, you can interpret the statutory language of prior conviction to reach the same result, that it only requires a conviction. And because the statute is not ambiguous, we do not need to turn to the issue of the rule of leniency. So for these reasons, the government would request and ask that the court affirm the conviction. If there are no questions from the bench, then I would rest on the remainder of the government's brief. Thank you, Your Honors. I'll address first the point about an Iowa deferred judgment. That is still a conviction because of what Ms. Williams said. The defendant is placed on probation. There is an imposition of a punishment. And that's Mr. Jepson's point. The conviction happens as of the moment of the imposition of the valid punishment against the defendant. And that's the result you reach when you look at Deal, when you look at the Supreme Court's decision in Dickerson, and you see the discussion about the inherent ambiguity in the term conviction, when there's not other statutory language that can lead you to the conclusion as to how it should be construed. Secondly, Ms. Williams raised the issue of the legislative history point that the district court made. Again, as I was saying when I was up here earlier, that I think is the most obvious error that the district court made. Yes, Deal preceded the enactment of 2252B, but it assumes a lot to assume that Congress knew that the Supreme Court had said that conviction is ambiguous. And again, you could completely flip that reasoning on its head and say, well, if Congress were aware of Deal and the ambiguity of the term, it could have been clear in 2252B. I have a curiosity. Under your interpretation with the emphasis on punishment, would any state court post-conviction order amending a sentence that occurred after the commission of the offense trigger your argument? Not necessarily any such order, but if the order results in the judgment being vacated. One of our two-level guidelines, retroactive. Assuming Iowa had anything comparable to that. If the order resulted in the original judgment being vacated, the answer is yes, Your Honor. Well, they re-sentence it. Right. So any re-sentencing triggers your argument, if the timing is correct vis-a-vis the federal defense. If the initial sentence and judgment was found to be void, correct, Your Honor. What about a case that's pending on appeal? Would you say that's a conviction, even though it's pending on appeal? As long as the judge is in post-sentence, even if the Court of Appeals later reverses? If the Court of Appeals later reverses? No, but I mean, if the guy is sentenced in federal court at a moment in time when the state case is on appeal. No, I would... Then it's a conviction. There is a conviction, and I think the distinction needs to be drawn between 2252B and Title 21, United States Code Section 841, which speaks of a conviction being final. I think the way to meaningfully draw any significance from that is to separate your scenario from that. If the case is pending on appeal, it is still a conviction. But, as I was saying, if the court were to reverse the sentence and order a new judgment, then we have the issue of the new judgment is the date of the conviction. If there are no further questions, I'd ask the court to reverse and remand for resentencing. Thank you. Thank you, counsel. It raises a novel issue, and it's been well presented, and we'll take it under advisement.